# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Tyrone Mosley, | ) | Civil Action No. 1:16-cv-00383-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Quicken Loans, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Quicken Loans, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 5.) Plaintiff Tyrone Mosley ("Plaintiff") opposes Defendant's Motion to Dismiss. (ECF No. 17.) For the reasons set forth below, the court **DENIES in Part and GRANTS in Part** Defendant's Motion to Dismiss.

## I. RELEVANT BACKGROUND OF PENDING MOTION

On November 11, 2015, Plaintiff filed a complaint for a non-jury trial in the Court of Common Pleas in Barnwell County, South Carolina. (ECF No. 1-1 at 7.) Plaintiff alleges that he obtained a real estate loan with Defendant.[1] (*Id.* at 7 ¶ 5.) Plaintiff further alleges that pursuant to South Carolina law, Defendant was required to determine Plaintiff's preference for legal counsel to assist him during the closing of the transaction. (*Id.* at 7 ¶ 6.) Plaintiff alleges that Defendant provided him with a pre-populated Attorney/Insurance Preference Checklist, which prevented Plaintiff from choosing an attorney to represent him in the transaction. (*Id.* at 8 ¶¶ 11-13.)

---

[1] Defendant is the servicer of Plaintiff's loan, which is secured by a mortgage (hereinafter "loan agreement") on Plaintiff's real property. The loan agreement establishes Defendant's security interest in the property which endures until Plaintiff pays the debt. (*See* ECF No. 1-3 at 3 ¶ 11.) Plaintiff satisfied this debt by executing a subsequent mortgage on the same property, which was executed on August 30, 2013. (ECF No. 12 at 8.) The validity of the August 30, 2013, mortgage is at issue in a separate case. *See Tyrone Mosley v. Quicken Loans*, Civil Action No. 1-16-cv-00384 (D.S.C. Feb. 8, 2016).

According to Plaintiff, the deprivation of a meaningful choice as to the attorney to represent him in the transaction was unconscionable pursuant to S.C. Code Ann. §§ 37-10-105 (2016), 37-5-108 (2016). (*Id.* at 8 ¶14.) Plaintiff requests that the court issue an order and grant relief pursuant to S.C. Code Ann. § 37-10-105(c). (*Id.* at 9 ¶ 23.) Plaintiff further requests that the court assess a statutory penalty between $1,500.00 and $7,500.00. (*Id.* at 9 ¶ 24.) Plaintiff also asserts that he is entitled to attorney's fees and costs from Defendant as permitted by statute. (*Id.* at 9 ¶ 25.) For jurisdictional purposes, Plaintiff alleged that he is a citizen of the state of South Carolina; and Defendant is a corporation organized under the laws of a state other than the state of South Carolina with a principal place of business in Michigan.[2]  (ECF No. 1-1 at 7 ¶¶ 1, 2.) Plaintiff did not specify an amount of damages in the Complaint, but prayed "for the relief set forth above, for attorney fees and the costs of this action, and for such other and further relief as this court deems just and proper, but in no event, for an amount greater than Seventy-Five Thousand Dollars ($75,000)." (*Id.* at 10.)

On February 8, 2016, Defendant filed a Notice of Removal asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy requirement is met. (ECF No. 1 at 2.) That same day, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Thereafter, on March 9, 2016, Plaintiff moved the court to remand the matter to state court on the basis "that the amount in controversy does not exceed $75,000.00 as required under 28 U.S.C. § 1332(a)(1)." (ECF No. 10.) On April 27, 2016, the court denied Plaintiff's Motion to Remand. (ECF No. 15.) On May 16, 2016, Plaintiff filed a Return in Opposition to Defendant's

---

[2] Plaintiff did not specify a state of incorporation for Defendant in the Complaint. (*See* ECF No. 1-1 at 4 ¶ 2.) In the Notice of Removal, Defendant admits that its principal place of business and place of incorporation is Michigan. (ECF No. 1 at 2.)

Motion to Dismiss. (ECF No. 17.) Subsequently, Defendant filed a Reply in Support of its Motion to Dismiss. (ECF No. 18.) A hearing on the Motion to Dismiss was held on June 28, 2016.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.*

## III. ANALYSIS

The allegation at the crux of Plaintiff's complaint is that Defendant violated the attorney preference statute, S.C. Code Ann. § 37-10-102, by providing Plaintiff with an attorney preference form that was already filled in. (ECF No. 1-1 at 8 ¶ 8.) Instead of permitting Plaintiff to select his own attorney, Plaintiff alleges that he was provided with a form in which "I/We will not use the services of legal counsel" was already printed on the form with no option to fill in his own selection. (*Id.* at ¶ 9.) Defendant asserts Plaintiff's claims should be dismissed because Plaintiff's obligation under the loan agreement at issue was discharged when Plaintiff refinanced and entered into the loan agreement at issue in *Tyrone Mosley v. Quicken Loans, Inc.*, Civil Action No. 1:16-

3

cv-00384 (D.S.C. filed Feb. 8, 2016). Accordingly, Defendant asserts that Plaintiff is no longer a debtor with standing to pursue this claim. (ECF No. 5 at 9.) Further, Defendant asserts that Plaintiff's allegations demonstrate that Defendant complied with section 37-10-102, and as such, Plaintiff's claim should be dismissed. (ECF No. 5 at 4.) Defendant further asserts that Plaintiff's claim should be dismissed because he is not entitled to the relief requested pursuant to S.C. Code Ann. § 37-10-105(c). (*Id.* at 10.)

### A.       Standing

The South Carolina Consumer Protection Code ("SCCPC") allows a private right of action for violation of the attorney preference statute, but only a "debtor" has standing to assert a cause of action. S.C. Code Ann. § 37-10-105(a) ("If a creditor violates a provision of this chapter, the debtor has a cause of action . . . to recover actual damages"). Pursuant to the statute, a debtor is defined as "any person who is an obligor in a credit transaction, including any cosigner, comaker, guarantor, endorsee or surety, and the assignee of any obligor, and also includes any person who agrees to assume the payment of a credit obligation." S.C. Code Ann. § 37-1-301(14). Defendant argues that because Plaintiff's loan was refinanced and the debt satisfied under a different loan agreement, Plaintiff is no longer a "debtor." As such, Defendant contends that Plaintiff cannot maintain a cause of action arising under the Consumer Protection Code. In support of its argument, Defendant cites to West Virginia cases where plaintiffs whose debts were discharged in bankruptcy were deemed unable to pursue a cause of action under the West Virginia Consumer Credit Protection Act ("WVCCPA") because they were no longer "consumers." *See, e.g.*, *Fabian v. Home Loan Center, Inc.*, Case No. 5:14-cv-42, 2014 WL 1648289, at *10-14 (N.D.W. Va. Apr. 24, 2014); *McCoy v. S. Energy Homes*, Inc., Case No. 1:09-cv-1271, 2012 WL 1409533, at *10 (S.D.W. Va. Apr. 23, 2012) (holding that persons "not in debt" to the defendant are not

4

"consumers" under the WVCCPA, and therefore, lack standing to assert a private cause of action under the WVCCPA); *Cather v. Seneca-Upshur Petroleum, Inc.*, Case No. 1:09-cv-139, 2010 WL 3271965, at *7-8 (N.D.W. Va. Aug. 18, 2010) ("Because the plaintiffs in this case are . . . not 'consumers' . . . the WVCCPA does not provide them with a legal remedy in this case.").

As a threshold matter, there are no South Carolina cases addressing whether a "debtor" loses standing under the SCCPC by refinancing his loan such that the balance of the loan is satisfied under a new loan agreement. As a result, this court is required to determine how a South Carolina court might rule on this issue. In *Fabian*, the case cited by Defendant that is most analogous to the facts before this court, the West Virginia district court determined that the plaintiffs did not have standing under the WVCCPA to contest the enforceability of the loan agreement for the home equity line of credit they took out on their home because the debt had been discharged in bankruptcy. *Fabian*, 2014 WL 1648289, at *5. In reaching this conclusion, the court settled on the relevant definition for "consumer" under the WVCCPA, which is defined as "any natural person obligated or allegedly obligated to pay any debt." *Id.* The court noted that the plaintiffs were no longer obligated to pay the debt, and that "allegedly obligated" did not apply to them because it was intended to provide relief to those plaintiffs who suffer from harassment due to "collection activities conducted without regard to whether the debt is actually owed." *Id.* at *6. Accordingly, the court determined that the plaintiffs were not consumers under the code. *Id.*

Based on this court's review, the definition of "debtor" before this court is distinguishable from the definition of "consumer" as interpreted by the West Virginia district court. It is clear that the WVCCPA requires a present and personal obligation to pay a debt.[3] Under the SCCPC, there

---

[3] The court further notes that in *McCoy v. S. Energy Homes*, the West Virginia court also determined that cosigners on a loan were not "consumers" within the definition of the WVCCPA,

5

is no requirement that a debtor is presently obligated to pay a debt. The SCCPC's definition of "debtor" just requires a person to be an obligor or to assume payment of a credit obligation in a given credit transaction. Thus, one can be a "debtor" based on his or her assumption of a credit obligation in a given credit transaction without currently being obligated to pay the debt. Here, Plaintiff asserts that he entered into the loan agreement with Defendant whereby he assumed payment of a credit obligation to Defendant. Defendant does not dispute that. Accordingly, the court finds that the discharge of Plaintiff's debt under the loan agreement at issue through refinancing does not change his status as a "debtor" in the credit transaction at issue. Plaintiff's action is timely, and this court finds that Plaintiff's complaint is legally sufficient to demonstrate that he is a "debtor" pursuant to the SCCPC with standing to pursue this claim.

### B. Attorney Preference Violation Claim

Pursuant to section 37-10-102, "whenever the primary purpose of a loan that is secured . . . by a lien on real estate is for a personal, family or household purpose: (a) the creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction." S.C. Code Ann. § 37-10-102(a). The purpose of the statute is to protect borrowers by requiring "clear and prominent disclosure of all information necessary to ascertain the borrower's preference as to legal counsel." *Davis v. NationsCredit Financial Services Corp.*, 484 S.E.2d 471, 472 (S.C. 1997). In order to comply with the statute, a creditor may either include the preference information with the credit application on a form similar to one established by the administrator, or the creditor may

---

*see* 2012 WL 1409533, whereas under the SCCPC, a "cosigner" is considered a "debtor," *see* S.C. Code Ann. § 37-1-301(14).

deliver written notice to the borrower of the preference information within three business days after the application is received or prepared. S.C. Code Ann § 37-10-102(a)(1)-(2).

Here, Defendant seems to argue that because Plaintiff signed the form with the allegedly pre-selected option indicating no preference, this demonstrates that Defendant complied with the statute. The crux of Defendant's argument is that the form itself complies with the statute because the form discloses information to the borrower regarding the right to select legal counsel. Though the court finds that the attorney preference form at issue informs the borrower of the right to counsel as required by the statute, the court also finds that, based on the facts as alleged, the form was provided to Plaintiff pre-populated without providing Plaintiff an opportunity to select an attorney. During the hearing, Defendant emphasized that the statute indicates a "creditor may comply with [the] section by" providing a form similar to the administrator-produced form[4] which includes the preference information along with the credit application. *See* S.C. Code Ann § 37-10-102(a)(1)-(2). Defendant contends that the use of the word "may" in the statute alleviates its obligation to provide borrowers with either of the forms specifically enumerated in the statute.[5]

---

[4] The "administrator-produced form" refers to an attorney preference form produced by the South Carolina Department of Consumer Affairs.

[5] Defendant provided the court with a number of decisions from other district courts in South Carolina which found that the attorney preference form provided by the creditor does not have to be similar to the form distributed by the administrator, just that the creditor has to provide written notice to the borrower of the preference information. Further, the courts found that there is no requirement that the borrower has to designate an attorney in order to comply with the statute. *See*, *e.g.*, *Duane S. Green v. Household Finance Corporation*, Civil Action No. 3:02-2436-17 (D.S.C. Jan. 12, 2004); *Barnell v. Young v. Household Finance Corporation*, Civil Action No. 3:02-2439-17 (D.S.C. Jan. 12, 2004); *Evelyn P. Robinson v. Kentucky Finance Co.*, Civil Action No. 4:97-393-23 (D.S.C. Sept. 4, 1997). The court finds that the cases presented by Defendant are distinguishable from the case before the court because in those cases, the borrowers were arguing that the creditor violated the attorney preference statute because the form was dissimilar from the administrator-produced form. Here, Plaintiff does not assert that the form itself violates the attorney preference statute, but that the pre-population of the form with a preference designation prevents Defendant from actually ascertaining Plaintiff's preference, which violates the statute.

7

This court agrees. However, the mandate of the statute is that a creditor "must ascertain . . . the preference of the borrower." *Id.* Thus, regardless of what type of form Defendant provides to borrowers, whether it is similar to the administrator-produced form as discussed in the statute or not, Defendant, at some point prior to closing, must determine a borrower's choice of attorney for closing. Defendant's form fails to ascertain the preference of the borrower if it is already pre-populated with "I/we will not use the services of legal counsel" before being informed by the borrower of his selection.

The legislative intent of the attorney preference statute is to protect borrowers by giving them the option to select their own counsel to assist them during the closing of the transaction. In protecting borrowers, the statute requires that lenders like Defendant ascertain Plaintiff's attorney preference. The facts as alleged by Plaintiff indicate that Defendant provided Plaintiff with a form where the attorney preference portion was already filled in, then required Plaintiff to sign the form. (ECF No. 1-1 at 8 ¶ 8-9.) Plaintiff further alleges that he was not allowed to choose an attorney to represent him in the transaction. (*Id.* at ¶ 13). If the facts as alleged by Plaintiff are true, it is hard to imagine how Defendant could have ascertained Plaintiff's preference for an attorney if Defendant essentially told Plaintiff what his preference was by providing him with an already completed form. If the facts as alleged are true, they would seem to support Plaintiff's allegation that he was deprived of a meaningful choice in selecting his attorney for this transaction. At this stage in the litigation, the court is required to determine whether or not Plaintiff has alleged enough facts that would reasonably entitle him to relief. This court is not required to determine whether the evidence supports Plaintiff's claims.[6] Here, Plaintiff asserts that Defendant did not ascertain

---

[6] In the Reply, Defendant asserts that in a previous hearing before a Special Referee of the South Carolina Supreme Court, Plaintiff admitted that he did not have a preferred attorney and agreed with the statements on the attorney preference form. (ECF No. 37 at 10.) To support this

his preference for an attorney because Defendant provided him with a form where a preference to not have an attorney was pre-selected for him. The court finds that the allegations in the complaint support a claim that Defendant violated section 37-10-102 of the South Carolina Code.

### C. Relief Pursuant to S.C. Code Ann. § 37-10-105(c)

Second, Plaintiff seeks relief pursuant to S.C. Code Ann. § 37-10-105(c) for Defendant's alleged violation of the attorney preference statute. Defendant contends that Plaintiff cannot receive relief pursuant to the aforementioned section because it is not applicable to violations of the attorney preference statute since Plaintiff's transaction is not addressed in S.C. Code Ann. § 37-5-108. (*See* ECF No. 2 at 9.) Pursuant to S.C. Code Ann. § 37-10-105(c), when a court finds that an "agreement or transaction is unconscionable pursuant to section 37-5-108 at the time it was made, or was induced by unconscionable conduct," the court may grant relief which includes awarding attorneys' fees and declaring the contract unenforceable either as a whole or in part. S.C. Code Ann. § 37-10-105(c). Section 37-5-108 indicates that it applies to consumer credit transactions. S.C. Code Ann. § 37-5-108(1). A consumer credit transaction is defined as "a consumer credit sale or consumer loan or a refinancing or consolidation thereof, a consumer lease, or a consumer rental purchase agreement." S.C. Code Ann. § 37-1-301(11). A loan secured by a lien or security interest in real estate is not considered a consumer loan, and as a result is not a consumer credit transaction. S.C. Code Ann. §§ 37-3-104, 37-3-105(1). Accordingly, Defendant contends that because Plaintiff's mortgage is not a consumer credit transaction, it cannot be found

---

contention, Defendant attached excerpts of the transcripts to the Reply, (ECF No. 18-2), and encourages this court to take judicial notice of the transcripts. It would be an error for this court to take judicial notice of such facts on a motion pursuant to Rule 12(b)(6) because "the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it." *Lotus v. F.D.I.C.*, 989 F. Supp. 2d 483, 491 (D.S.C. 2013).

unconscionable under section 37-5-108, and as a result, Plaintiff cannot receive relief under 37-10-105(c).

In order to determine whether Plaintiff may receive relief pursuant to section 37-10-105(c), this court is required to "ascertain and effectuate the intent of the legislature." *CPRE, LLC v. Greenville County Assessor*, 716 S.E.2d 877, 881 (S.C. 2011) (defining the primary rule of statutory interpretation) (internal quotations and citations omitted). In doing so, the court must read the statute as a whole and construe the sections together to determine their proper effect. *Id.* Thus, the court "should not concentrate on isolated phrases within the statute," and must read the statute such that no clause is rendered superfluous. *Id.* Pursuant to section 37-10-105(c), in order to receive relief, the court must determine that the transaction was unconscionable or induced by unconscionable conduct as defined in section 37-5-108. Although section 37-5-108 indicates that it applies to consumer credit transactions, and Plaintiff's transaction does not qualify, that does not end this court's inquiry. In defining the scope for chapter 10 of title 37, the legislature indicated that the chapter "applies to designated loan transactions other than consumer loan transactions." S.C. Code Ann. § 37-10-101. Accordingly, section 37-10-105 was intended to apply to loan transactions, such as mortgages, which do not qualify as consumer loan transactions. Thus, section 37-10-105(c) would have no efficacy if this court were to construe the statute in the way Defendant suggests. Essentially, Defendant asserts that the relief provided for in section 37-10-105(c) cannot be received by the class of transactions the chapter was written for because section 37-5-108 expressly excludes them. Such a construction makes no sense. It is clear that, pursuant to section 37-10-105(c), if a court finds that an agreement or transaction regarding a non-consumer loan is unconscionable using the guidelines and principles outlined in section 37-5-108, the court can grant the relief outlined in subsection (c). Therefore, the court finds that the relief outlined in S.C.

Code Ann. § 37-10-105(c) may be available for the alleged attorney preference violation in Plaintiff's mortgage transaction.

In order for the relief outlined in section 37-10-105(c) to be available to Plaintiff, this court must find that Plaintiff has properly alleged either that the transaction was unconscionable or that it was induced by unconscionable conduct. "Unconscionability has been recognized as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc.*, 472 S.E.2d 242, 245 (S.C. 1996). Traditionally, a finding of unconscionability "requires a showing of both substantive unconscionability, or unfairness in the contract itself, and procedural unconscionability, or unfairness in the bargaining process." *McFarland v. Wells Fargo Bank, N.A.*, 810 F.3d 273, 277 (4th Cir. 2016). However, based on the statute at issue, it appears that the legislature provided for an alternative theory of unconscionability based solely on conduct which caused Plaintiff to enter into the loan. *Id.* at 284-85 (interpreting a West Virginia statute providing for a finding of unconscionability based on an agreement that was induced by unconscionable conduct, the Fourth Circuit determined that substantive unconscionability was not required). But, for the conduct to qualify as an unconscionable inducement, it appears that Defendant's conduct must be an "affirmative [misrepresentation] or active deceit." *Id.* at 286.

Here, Plaintiff alleges that "Defendant's pre-populated Attorney/Insurance Preference Checklist presented to Plaintiff deprived him of a meaningful choice as to attorney to represent him in all aspects of the transaction and is unconscionable under South Carolina law[.]" (ECF No. 1-1 at 8 ¶ 14.) Plaintiff further asserts that in doing so, Defendant steered Plaintiff to its affiliated company to handle the transaction, which enriched the company and deprived Plaintiff of his

11

statutory rights. (*Id.* at 8-9 ¶¶ 15-17.) Plaintiff also alleges that "by presenting Plaintiff with a pre-populated form, Defendant sought to obtain from the borrower a waiver of his right to counsel," and that seeking such a waiver is unconscionable. (*Id.* at ¶¶ 20-21.) Defendant asserts that Plaintiff failed to assert any allegation of substantive unconscionability, so his claim fails. (*See* ECF No. 5 at 11.) This court agrees.

Even though Plaintiff has alleged that Defendant's conduct deprived him of a meaningful choice as to his choice of attorney, Plaintiff has not alleged that any term of the loan agreement was so oppressive that no reasonable person would accept the agreement. Nor does Plaintiff allege any facts consistent with the factors listed under section 37-5-108(4)(a), which might give rise to a finding of unconscionability. Thus, based on Plaintiff's allegations, this court cannot find that the loan agreement was unconscionable at the time it was made. Further, this court cannot find that Defendant's alleged failure to ascertain Plaintiff's choice of attorney indicates that the agreement was induced by unconscionable conduct. The facts as alleged indicate that Plaintiff applied for the loan with Defendant. (ECF No. 1-1 at 8 ¶ 8.) There is no allegation that Plaintiff chose to apply for the loan based on statements made, or conduct, by Defendant regarding Plaintiff's ability to choose an attorney for closing. Accordingly, Plaintiff has not stated a claim for unconscionable inducement. Therefore, the court finds that Plaintiff has not properly stated a claim that would entitle her to relief pursuant to S.C. Code Ann. § 37-10-105(c).

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss, (ECF No. 5), is **DENIED in Part and GRANTED in Part**. Defendant's motion is denied to the extent that this court finds Plaintiff's complaint legally sufficient to support a claim that Plaintiff is entitled to relief for Defendant's alleged violation of S.C. Code Ann. § 37-10-102. However, Defendant's motion is

granted to the extent that Plaintiff seeks relief pursuant to S.C. Code Ann. § 37-10-105(c) because this court finds that Plaintiff's complaint is not legally sufficient to support an entitlement to relief based on unconscionability. Accordingly, Plaintiff's claim for relief pursuant to S.C. Code Ann. § 37-10-105(c) is **DISMISSED without prejudice**.  The parties shall proceed with this case as outlined in the scheduling order as to all other claims for relief.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 30, 2016
Columbia, South Carolina