**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Tyrone Mosley, | Civil Action No.: 1:16-cv-00383-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Quicken Loans, Inc., | |
| Defendant. | |

Plaintiff Tyrone Mosley filed the above-captioned action against Defendant Quicken Loans, Inc. alleging claims for violation of the South Carolina Attorney Preference Statute ("SCAPS"), S.C. Code § 37-10-102 (2017), in the context of a mortgage loan closing. (ECF No. 1-1 at 7 ¶ 5–8 ¶ 12.)

This matter is before the court on Mosley's Motion to Alter or Amend Judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. (ECF No. 138.) Specifically, Mosley seeks to alter or amend the Order entered on March 9, 2018 (ECF No. 135) (the "March Order"), in which the court granted Quicken Loans' Motion for Summary Judgment and denied Mosley's Motion for Summary Judgment. (ECF Nos. 71, 74.) Quicken Loans opposes Mosley's Motion to Alter or Amend asserting that it should be denied. (ECF No. 140 at 2.) For the reasons set forth below, the court **DENIES** Mosley's Motion to Alter or Amend.

**I.      RELEVANT BACKGROUND TO PENDING MOTIONS**

Quicken Loans "is a nationwide online mortgage lender that provides, among other things, residential mortgage loan refinances." *Boone v. Quicken Loans, Inc.*, 803 S.E.2d 707, 709 (S.C. 2017). "Under the Quicken Loans refinance procedure, the borrowers have already purchased the property and are simply seeking a new mortgage loan (presumably with more favorable terms) to replace the existing loan." *Id.*

On January 23, 2013, Mosley provided information to Quicken Loans for purposes of completing a loan application to refinance the mortgage on his primary residence located at 225 Bennett Street, Williston, South Carolina 29853.[1] (ECF Nos. 71-1 at 11:6–22, 71-3 at 2 & 71-5 at 3 ¶ 5.) As a result of the information provided by Mosley, Quicken Loans generated loan application documents that were made available to Mosley via Quicken Loans' internet web portal. (ECF No. 71-5 at 3 ¶ 5.) In addition to the loan application package, Quicken Loans included an Attorney/Insurance Preference Checklist (the "AIPC"). (*Id.*; *see also* ECF No. 1-1 at 8 ¶ 11.) Based on the information provided by Mosley, the AIPC was prepopulated with the following relevant information (in bold):

1. I (We) have been informed by the lender that I (we) have a right to select legal counsel to represent me(us) in all matters of this transaction relating to the closing of this loan.

    (a) I select **I/We will not use the services of legal counsel**.
s/**Tyrone Mosley**
**Electronically signed on 1/23/2013 4:15:46 PM**   _____
Borrower **Tyrone Mosley**          Date    Borrower                    Date

_____          _____
Borrower                            Date    Borrower                    Date

    (b) Having been informed of this right, and having no preference, I asked for assistance from the lender and was referred to a list of acceptable attorneys. From that list I select

**Not Applicable**_____          **Not Applicable**_____
Borrower                            Date    Borrower                    Date
**Not Applicable**_____          **Not Applicable**_____
Borrower                            Date    Borrower                    Date

(ECF No. 71-6 at 2.)

On January 23, 2013, Mosley electronically signed the loan application documents and the AIPC and transmitted them to Quicken Loans via its internet web portal. (*Id.*; *see also* ECF

---

[1] Mosley had prior experience with the loan application process having refinanced various properties. (*See, e.g.*, ECF No. 71-1 at 4:7–18.)

No. 71-5 at 3 ¶ 6.) On April 1, 2013, Mosley had a telephone conversation with a Quicken Loans' representative to discuss the details of the loan closing, including who would be in attendance. (ECF No. 71-5 at 3 ¶ 7.) Thereafter, Mosley was contacted by attorney Stacey E. (Pope) Besser ("Besser") and they discussed issues relevant to the closing. (ECF No. 71-8 at 3 ¶ 6.) On April 5, 2013, Mosley signed a disclosure form agreeing to the terms of Besser's representation at the loan closing and closed the loan. (ECF No. 71-8 at 3 ¶ 7, 4–5.)

On November 11, 2015, Mosley filed a Complaint against Quicken Loans in the Court of Common Pleas for Barnwell County, South Carolina alleging violation of the SCAPS.[2] (ECF No. 1-1 at 9 ¶ 12.) After Quicken Loans removed the case to this court (ECF No. 1), the parties engaged in and completed discovery on March 1, 2017. (ECF No. 36.) Quicken Loans then moved for summary judgment on March 31, 2017. (ECF No. 71.) On that same day, Mosley filed his Cross-Motion for Summary Judgment. (ECF No. 74.) After the court entered the March Order, Mosley moved to alter or amend judgment on April 6, 2018. (ECF No. 138.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Quicken Loans' allegations that there is complete diversity of citizenship between Plaintiff and Quicken Loans, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (ECF No. 1 at 2.) Quicken Loans is a corporation organized under the laws of Michigan with its principal place of business in Detroit, Michigan. (ECF No. 1-3 at 3 ¶ 5.) Plaintiff is a citizen and resident of Barnwell County, South Carolina. (ECF No. 1-1 at 7 ¶ 1.) Moreover, the court is satisfied that the amount

---

[2] A plaintiff enforces a violation of the SCAPS through S.C. Code § 37-10-105(A). In addition to his attorney preference claim, Plaintiff also alleged his entitlement to relief under S.C. Code §§ 37-10-105, -108, based on unconscionability. The court dismissed this claim on June 30, 2016. (ECF No. 26.)

in controversy exceeds $75,000.00 in accordance with Defendant's representation. (ECF No. 1 at 3–10.)

### III. LEGAL STANDARD AND ANALYSIS

In the March Order, the court made the following observations in granting Quicken Loans' Motion for Summary Judgment:

> The SCAPS requires the lender to ascertain the preference of the borrower as to legal counsel. "'[A]scertain' means 'to render certain or definite . . . to clear of doubt or obscurity . . . to find out by investigation.'" *Parker v. Cty. of Oxford*, 224 F. Supp. 2d 292, 295 (D. Me. 2002) (quoting *Black's Law Dictionary* 114 (6th ed. 1990)); *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018) ("'Ascertain' means 'to make certain, exact, or precise' or 'to find out or learn with certainty. . . ' [t]hus, 'ascertain' requires 'a greater level of certainty . . . .'") (citation omitted). In considering the requirements of the SCAPS, the court observes that the parties have not presented any dispute of fact regarding Quicken Loan's attorney preference procedure in this matter. Therefore, the matter is ripe for summary judgment.
>
> Upon review, the court is persuaded that Quicken Loans did ascertain Plaintiff's attorney preference in compliance with the SCAPS. First, an agent of Quicken Loans asked Plaintiff if he would be using "the services of preferred legal counsel." (ECF No. 71-5 at 3 ¶ 5.) After receiving Plaintiff's response that he did not have counsel of preference, Quicken Loans (1) sent Plaintiff an AIPC that advised him that he has "a right to select legal counsel to represent me(us) in all matters of this transaction relating to the closing of the loan" and (2) prepopulated the AIPC with the statement "I/We will not use the services of legal counsel." (ECF No. 71-6 at 2.) Upon receipt of the AIPC, Plaintiff reviewed it, electronically signed it and electronically transmitted the document back to Quicken Loans. (*Id.*) There is no evidence before the court that Plaintiff had any questions about the content of the AIPC. *Cf. Floyd v. Nationwide Mut. Ins. Co.*, 626 S.E.2d 6, 12 (S.C. 2005) ("[A] competent person usually is presumed to have knowledge and understanding of a document he signs, absent evidence his signature was obtained by misrepresentation, fraud, forgery, or duress.") (citations omitted). Thereafter, Plaintiff had approximately ten weeks, from January 23, 2013, to before the loan closing on April 5, 2013, to express an attorney preference to Quicken Loans, which he did not do. Moreover, Plaintiff did not voice any disagreement with the attorney (Besser) representing him or question her actions as counsel.[3] (ECF No. 71-8 at 3 ¶ 8 ("If Mr. Mosley had raised any

---

3  Q. When you say "she," that's Stacey Pope [Besser]?
   A. Right.
   Q. Do you recall if you asked any questions during the closing?
   A. No, I didn't ask any questions. (ECF No. 71-1 at 13:10–14.)

> concerns about my (Besser) representation of him in the transaction before or during the closing, I (Besser) would have stopped the transaction.").)
>
> Based on the foregoing, the court predicts that the South Carolina Supreme Court would conclude that Quicken Loans did "ascertain . . . the preference of the borrower as to [] legal counsel . . . relating to the [instant] closing . . ." in compliance with the SCAPS. Accordingly, the court **GRANTS** Quicken Loans' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

(ECF No. 135 at 8–9.) Mosely seeks to alter or amend the foregoing pursuant to Rules 52 and 59.

A.  Applicable Standard under Rule 59(e)[4]

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

---

[4] The court observes that Rule 52(b) is inapplicable because this action did not go to trial. *See id.*; *see also State Farm Mut. Auto. Ins. Co. v. Medgyesy*, C/A No. 6:12-CV-00044-MGL, 2014 WL 11511695, at *1 (D.S.C. May 12, 2014) ("'Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding' or on a motion to dismiss in a habeas proceeding.") (quoting *Orem v. Rephann*, 523 F.3d 442, 451 n.2 (4th Cir. 2008)).

B.  The Parties' Arguments

   1. *Mosley*

In his Motion, Mosley first expresses his disagreement with the court's "prediction" in the March Order as to how the South Carolina Supreme Court would decide the attorney preference issue. (*See* ECF No. 135 at 10.) More specifically, Mosely argues that the court should have allowed itself to be persuaded by (1) the special referee's decision in *Quicken Loans, Inc. v. Wilson et al.*, Appellate Case No. 2016-001214 (S.C. Ct. App.) and (2) the South Carolina Department of Consumer Affairs' ("DCA") Amicus Curiae Brief also filed in *Wilson*.[5] (ECF No. 138 at 3–6.) In his order, the special referee "conclude[d] as a matter of law that Quicken, in prepopulating the form, eviscerates the very purpose of § 37-10-102 and renders it meaningless . . . Quicken fails to ascertain the borrower's attorney preference under the statute . . . . [and] Quicken's action also constitutes an attempt to elicit a waiver, which is expressly not permissible under the code." (ECF No. 74-9 at 9.) In its brief, the DCA asked that the appellate court "uphold the Special Referee's ruling that Quicken violated the attorney preference statute." (ECF No. 138-1 at 19.)

Next, Mosley explains again why Quicken Loans' attorney preference procedure fails to ascertain the preference of the borrower. (*See* ECF No. 138 at 7–9.) Referencing Quicken Loans' AIPC, Mosley asserts that the form is deficient under the SCAPS because "1. The form in fact does not indicate a choice of 'no preference' as the section reserved for this event, l(b), contains the prepopulated language 'Not Applicable,' and 2. The form did not provide the

---

[5] Mosley supplements his argument with a discussion of the DCA's role as "the sole state agency designated by the General Assembly to construe and provide official legal interpretations of the Consumer Protection Code, which includes the attorney insurance preference statute." (ECF No. 138 at 4.) He cites to language in *Lexington Law Firm v. S.C. Dep't of Consumer Affairs*, 677 S.E.2d 580 (S.C. 2009), wherein the South Carolina Supreme Court observes that it defers to the DCA's "findings where there is no compelling reason to reject it." *Id.* at 594.

borrowers a choice of attorney, as their signatures appear under the prepopulated statement 'I/We will not use the services of legal counsel,' an option, unbeknownst to the Plaintiff, that is not available pursuant to South Carolina law." (ECF No. 138 at 7.) Further, Mosley wonders how the AIPC ascertains the preference of the borrower if it is (1) not completed "in the borrower's own handwriting" and (2) is "already completed when the borrower receives it." (*Id.* at 8, 9.)

Finally, Mosley expresses his dismay that the court's March Order's language did not mimic the substantive findings contained in the Order entered denying Quicken Loans' Motion to Dismiss.[6] (*Id.* at 9–10 (quoting ECF No. 26 at 7–8).)

2. *Quicken Loans*

Quicken Loans opposes Mosley's Motion arguing that the special referee's order and the DCA's amicus brief from the *Wilson* case are not "binding or persuasive authority regarding the interpretation of the attorney preference statute" and lack any true predictive value. (*See* ECF No. 140 at 3–7.) In support of its argument, Quicken Loans points out that the special referee's conclusion relies on findings that directly contradict the South Carolina Supreme Court's

---

[6] In its June 30, 2016 Order, the court observed as follows:

> The legislative intent of the attorney preference statute is to protect borrowers by giving them the option to select their own counsel to assist them during the closing of the transaction. In protecting borrowers, the statute requires that lenders like Defendant ascertain Plaintiff's attorney preference. The facts as alleged by Plaintiff indicate that Defendant provided Plaintiff with a form where the attorney preference portion was already filled in, then required Plaintiff to sign the form. (ECF No. 1-1 at 8 ¶ 8-9.) Plaintiff further alleges that he was not allowed to choose an attorney to represent him in the transaction. (*Id.* at ¶ 13). If the facts as alleged by Plaintiff are true, it is hard to imagine how Defendant could have ascertained Plaintiff's preference for an attorney if Defendant essentially told Plaintiff what his preference was by providing him with an already completed form. If the facts as alleged are true, they would seem to support Plaintiff's allegation that he was deprived of a meaningful choice in selecting his attorney for this transaction.

(ECF No. 26 at 8.)

holdings in *Boone* regarding unconscionability and the unauthorized practice of law as they relate to Quicken Loans' attorney preference procedure. (*Id.* at 4–5.) Further, Quicken Loans asserts that pronouncements by the DCA lack the force of law and serve only as an interpretation of a statute.[7] (*Id.* at 6–7, 14–15.)

Finally, Quicken Loans argues that Mosley has failed to cite to any legal support for his claims that (1) the borrower must always have a preference for an attorney, (2) a written record of the borrower's choice is mandatory pursuant to the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601–1667f, or (3) the parole evidence rule only allows consideration of written evidence. (*Id.* at 8–13.)

C. The Court's Review

Mosley does not reference either an intervening change in controlling law or new evidence previously unavailable. Based on a review of Mosley's filings (ECF Nos. 138, 142), the court can only conclude that Mosley is seeking to alter or amend the March Order on the basis that the court's decision was either a clear error of law or resulted in a manifest injustice to Mosley. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great

---

[7] Additionally, Quicken Loans asserts that the court should strike the DCA's amicus brief from the docket because its filing was "in direct contravention of the Court's Order and is an improper attempt to refashion their argument and expand the record at the 59(e) stage." (ECF No. 140 at 13–14.)

preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

Upon review of the instant Motion, the court observes that Mosley's arguments add very little new substantive argument to what he has already presented on the aforementioned issues. (*See, e.g.*, ECF Nos. 74, 87 & 88.) A Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). In the March Order (ECF No. 135), the court cited to appropriate substantive case law and provided specific reasoning to support its decision to find that Quicken Loans did ascertain Mosley's preference as to legal counsel in accordance with the SCAPS. Moreover, in contrast to its Order on Quicken Loans' Motion to Dismiss (ECF No. 26), the court did not have to rely solely on Mosley's allegations and was able to reference specific communications between the parties leading to the conclusion that there was no genuine issue as to any material fact and that Quicken Loans was entitled to judgment as a matter of law. The reference to specific communications is pertinent here.

In *Boone*, the South Carolina Supreme Court referenced borrower-lender

communications when it observed that "the borrower speaks on the telephone with a licensed mortgage banker employed by Quicken Loans [][and] [e]ach borrower is informed that he or she has the right to select legal counsel to represent him or her in the transaction and asked whether he or she has a preference as to a specific attorney." *Boone*, 803 S.E. 2d at 709. In reaching its decision in this matter, the court focused on Mosley's aforementioned testimony in addition to the declaration and testimony of Jeremy Potter, Quicken Loans' Rule 30(b)(6) witness, who stated that the Quicken Loans' mortgage banker is required to get an answer from a prospective borrower to the following question in order to proceed through the loan application program: "Will the borrower select legal counsel to represent them in this transaction?" (ECF No. 133-5 at 9:3–10:9.) Both in the March Order and the *Boone* opinion, there is an emphasis placed on evidence regarding the communications between Quicken Loans and the borrower. In considering the special referee's order and the DCA's amicus brief from the *Wilson* case, neither document purports to consider evidence regarding the parties' communications to be pertinent to a determination of whether the lender ascertained the attorney preference of the borrower.[8] In this regard, the court does not perceive that the South Carolina Supreme Court would require trial court's to determine whether a borrower's attorney preference was ascertained in a vacuum wherein relevant testimony by the borrow and lender's representative were disregarded.[9] *Cf. Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) ("Statutory language, however, "cannot be construed in a vacuum."). In this regard, the court is not persuaded that entry of the March Order resulted in the commission of either clear error of law or manifest injustice.

---

[8] In its amicus brief, the DCA identified only the following evidence as worthy of consideration: (1) forms like Quicken Loans' AIPC; (2) "[a]n email from the borrower to the lender choosing the attorney or insurance agent"; (3) "[a]n email from another party such as the borrower's real estate agent;" and (4) "[c]ompany system notes entered by the lender's employee." (ECF No. 138-1 at 9.)

[9] The court observes that Mosley's citation to the parole evidence rule to prohibit consideration of the communicative evidence is also neither persuasive nor supported by cited caselaw.

Accordingly, the court must deny Mosley's Motion to Alter or Amend Judgment.

## IV. CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Plaintiff Tyrone Mosley's Motion to Alter or Amend Judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. (ECF No. 138.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

July 9, 2018
Columbia, South Carolina